**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 1 9 2021

TAMMY H. DOWNS, CLERK
By:_____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**DONNA WILLARD and**
**PHILLIP DEWAYNE WILLARD,**

      **Plaintiffs,**

**v.**

Civil Action No. _2:21-CV-00109-BSM_

**WALMART STORES, INC.**
**and JOHN DOES 1-4,**

This case assigned to District Judge _MILLER_
and to Magistrate Judge_____ _RAY_

      **Defendants.**

## COMPLAINT

**COME NOW**, Plaintiffs, Donna Willard ("Donna") and Phillip Dewayne Willard ("Phillip"), by and through undersigned counsel, and for cause of action against Walmart Stores, Inc. and John Does 1-4, would show unto the Court the following, to-wit:

## PARTIES

1.    Plaintiffs, Donna Willard and Phillip Dewayne Willard (hereinafter sometimes referred to as "Plaintiff(s)"), are adult resident citizens of Clarksdale, Coahoma County, Mississippi.

2.    Defendant, Walmart Stores, Inc. (hereinafter "Defendant" or "Walmart"), is a foreign, for-profit corporation organized and existing pursuant to the laws of the State of Delaware. At all times relevant hereto, Defendant was licensed to and doing business within the State of Arkansas, with its principal office located at 702 SW 8th Street, Bentonville, Arkansas 72716.  On the day in question, Defendant owned, leased and/or operated Super Store #714 located at 602 Shelia St., West Helena, Arkansas 72390.  As such,

Defendant, Walmart was "doing business" within Phillips County, Arkansas on the day in question. Defendant Walmart may be served with process of this Court by service upon it registered agent for service of process, namely CT Corporation System, 124 Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201. At all times relevant hereto, Walmart was engaged as a retail establishment operating for the use of the general public for the mutual benefit of both Walmart and the general public.

3.      Defendants, John Does 1-4, upon information and belief , may be owners/ lessors/operators of Walmart Super Store #714, 602 Shelia St., West Helena, Arkansas at the date and time of Donna Willard's trip and fall incident.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction of the parties and the subject matter in that the U. S. District Courts have original jurisdiction, pursuant to 28 U. S. C. Section 1332, over all civil actions between citizens of different states, in this case Mississippi , Delaware and Arkansas so long as the jurisdictional amount exceeds $75,000.00, which it does in this case.

5.      Civil actions based on a tort of which the U. S. District Court has original jurisdiction shall be commenced in the district in which a substantial alleged negligent act or omission occurred or where a substantial event which proximately caused the injuries occurred. Venue is proper in this district as the cause of action occurred or accrued within Phillips County, Arkansas in this district and division.

## FACTS

6.      On or about August 27, 2018, Plaintiff, Donna Willard ("Donna")was a

customer and business invitee of Walmart Super Store #714 located at 602 Shelia St., West

Helena, Arkansas, which is owned and/or operated by Defendant Walmart or John Does

1-4. While "Donna" was shopping in the Ladies Department and was looking at clothes

located on carousels within the department, she tripped on a pallet which was lying in

between the carousels.

7.     At all times material hereto, there was no warning sign or any other markings

on, around or near the pallet notifying customers of its presence underneath the apparel-

laden carousel.

8.     As a result of her trip and fall, "Donna" suffered injuries to her head, hip and

lower back.

9.     At all times material hereto, "Donna" was exercising due care for her safety

and the safety of others around her and was not guilty of any acts of negligence which

proximately caused or contributed to cause her injuries.

## COUNT I

## NEGLIGENCE AGAINST WALMART, INC.

### Duty

10.     "Donna" hereby incorporates and re-alleges the allegations of paragraphs 1

thru 9, as if fully set out herein.

11.     At all material times hereto, Defendants Walmart or John Does 1-4 had a

duty to the public at large, and to "Donna" in particular, as a business invitee present in

Defendant's premises to:

a.   exercise reasonable or ordinary care to keep its premises in a reasonably safe condition or to warn "Donna" and other business invitees of dangerous conditions not readily apparent to them of which the Defendant Walmart knew, or of which Defendants Walmart or John Does 1-4 should have known, in its exercise of reasonable care;

b.   store and maintain its personalty including, but not limited to, its equipment, particularly its pallets located on the premises in a reasonably safe and responsible manner so as not to trip "Donna" and other business invitees ; and

c.   conduct reasonable inspections to discover dangerous conditions existing on its premises, such as unmarked pallets left under apparel carousels in the Ladies Department.

**Breach**

12.   "Donna" hereby incorporates and alleges the allegations of paragraphs 1-11, as if fully set out herein.

13.   Defendants Walmart or John Does 1-4 breached its duties owed to the general public and to Donna and was negligent in its care, custody and control of its premises when it failed to exercise reasonable and ordinary care to keep its premises in a reasonably safe condition for "Donna" to look at and possibly purchase clothes. Defendant Walmart was negligent when it failed properly to retrieve and store any and all pallets left or placed on the floor under the Ladies' apparel carousels or was negligent in failing to otherwise dispose of any storage pallets left on the floor of the Ladies Department. Had Walmart properly stored its pallets, it would have prevented Donna's trip and fall over it/them, proximately causing severe and painful injuries to "Donna." Further, Defendants Walmart or John Does 1-4 failed to place any "caution" or "warning" signs to warn "Donna" of the placement of the pallet(s) under the apparel carousel(s) and the dangerous condition said

-4-

pallet(s) presented, especially as notice of said pallet(s) was not open and obvious to "Donna" and other business invitees.

14.     Defendants Walmart or John Does 1-4 knew of the dangerous conditions created by the pallet)s) being left under the apparel carousel. Defendant Walmart, through its employee(s) actually created the dangerous condition by placing and/or leaving the pallet in an area known to be used by customers such as "Donna." Defendant Walmart also should have known and would have discovered such conditions had it conducted a reasonable inspection of the surrounding area of the apparel carousel under which the pallet(s) was/were found and/or had been used in the Ladies' Department. Had Walmart or John Does 1-4 maintained the Ladies' Department in a reasonably safe and responsible manner to insure that the floor of the Ladies' Department was free and clear of any and all pallets, obstructing hazards or debris. Because of Defendants Walmart's or John Does 1-4's active placement of the pallet and subsequent failure to conduct reasonable inspections of the Ladies' Clothing area, it failed to maintain a reasonably safe area in which "Donna" and other business invitees could shop. This failure constituted a breach of its duties owed to "Donna," as a business invitee. Walmart's or John Does 1-4's pallet was left unattended on the floor of the Ladies' Department under an apparel carousel allowing it to trip "Donna" causing "Donna" to suffer painful injuries to her head, hip, knees, and lower back, as well as subsequent mental and emotional injuries.

**Medical Causation**

15.     "Donna" hereby incorporates the allegations of paragraphs 1-14 as if fully copied herein.

-5-

16.     Because of Defendant Walmart's or Defendants John Does 1-4's breach of its aforementioned duties, "Donna" suffered painful injuries to her head, hip, knees, and lower back, and subsequent mental and emotional injuries.

## COUNT II

## <u>LOSS OF CONSORTIUM CLAIM AGAINST WALMART, INC.</u>

17.     Plaintiff Donna and Co-Plaintiff Phillip  hereby incorporate the allegations of paragraphs 1-16, as if fully copied herein.

18.     Prior to the negligent acts and omissions of Defendants Walmart or John Does 1-4 in August, 2018, Plaintiff Donna and Co-Plaintiff Phillip were married and lived together as Husband and Wife, and continue today to be so married.

19.     Prior to the negligent acts and omissions of Defendants Walmart or John Does 1-4 which occurred on or about August 28, 2018, as alleged throughout Plaintiffs' Complaint, Plaintiff Donna and Co-Plaintiff Phillip did provide services to one another and did perform all of the duties expected of a Husband and Wife, including, but not limited to, assisting in maintaining the home, providing love, companionship, affection, society, sexual relations, moral support and solace to each other.

20.     Because of the negligent acts and omissions of Defendants Walmart or John Does 1-4 as alleged throughout Plaintiffs' Complaint, Plaintiff Donna and Co-Plaintiff Phillip are no longer able to provide the services and/or to perform their previously-described duties as Husband and Wife, and have suffered and continue to suffer loss of the other's assistance in maintaining the home, loss of the other's consortium, and loss of the

other's love, companionship, affection, society, moral support and solace all to the detriment of their marital relations and relationship.

## Damages

21.     As a direct and proximate result of the negligent acts and omissions by Defendants Walmart or John Does 1-4, Plaintiff Donna  suffered painful bodily injuries, including, but not limited to, the following injuries:

        a.     head injury;

        b.     left hip injury;

        c.     low back pain;

        d.     both knees;

        e.     mental and emotional pain and suffering (past, present, and future);

        f.     medical expenses (past, present, and future); and

        g.     physical pain and suffering (past, present, and future).

22.     As a direct and proximate result of the negligent acts and omissions by Defendants Walmart or John Does 1-4, Co-Plaintiff Phillip suffered the loss of Donna's consortium, loss of Donna's assistance in maintaining their home, and loss of Donna's love, companionship, affection, society, moral support and solace, all to the detriment of both their marital relations and their marital relationship.

## DAMAGES AND DEMAND FOR JURY TRIAL

23.     As a direct and proximate result of Defendants Walmart's or John Does 1-4's negligent acts and fault, Plaintiff Donna is entitled to damages in the amount of $600,000.00

and Co-Plaintiff Phillip is entitled to damages in the amount of $200,000.00 as best as can be determined at this time, and to a trial by jury on all issues which the pleadings put before them as triers of the facts.

**WHEREFORE**, Plaintiff, Donna Willard, demands a fair and reasonable judgment against Defendants, Walmart Stores, Inc. and/or John Does 1-4, in a sum of money to be determined by the jury which sum will fully, fairly and justly compensate her for her past, present and future bodily injuries and damages, together with interest and all costs of this action and Co-Plaintiff, Phillip Willard, demands a fair and reasonable judgment against Defendants, Walmart Stores, Inc. and/or John Does 1-4, in a sum of money to be determined by the jury which will fully, fairly and justly compensate him for his past, present and future loss/impairment of his wife, Donna's, consortium, services, love and affection damages, together with interest and all costs of this action.

**RESPECTFULLY SUBMITTED**, this the 18th day of August, 2021.

**FRANK J. DANTONE, MSB #5792**
**EDWARD D. LAMAR, MSB #1780**
**HENDERSON DANTONE, P.A.**
241 Main St. (38701)
P. O. Box 778
Greenville, MS 38702-0778
Telephone No. (662) 378-3400
Facsimile No. (662) 378-3413
E-mail: fjd@hdpa.com; edl@hdpa.com

Attorneys for Plaintiffs, Donna Willard
and Phillip Dewayne Willard